HERMINIA CHAPEL DE FIGUEROA ET AL., Plaintiffs and Appellees, *v.* MUNICIPAL ASSEMBLY OF AÑASCO, ETC., Defendant and Appellant.

No. 6568. Argued January 15, 1934.—Decided January 23, 1934.

*Bolívar Pagán* for appellant. *M. Figueroa del Rosario* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a certiorari proceeding brought against the Municipal Assembly of Añasco, the District Court of Mayagüez held that an ordinance of said assembly was null and void. An appeal was taken from this judgment by the municipal assembly acting through an attorney. After the transcript of the record of appeal was presented to this court, the appellees filed a motion to dismiss the appeal on the ground

that this court lacks jurisdiction to entertain the same for two reasons: Because the certification of the record herein by the clerk of the district court is null and void for failure of the appellant assembly to pay to the clerk the corresponding fees, in accordance with Act No. 17 of 1915 (Session Laws, p. 45); and because the appeal is also null and void due to the fact that no resolution was approved by the municipal assembly authorizing the attorney to take the appeal.

Although it is true that the said Act of 1915 provides that in civil cases in district and municipal courts, certain fees shall be paid by means of internal revenue stamps for certifications issued by the clerks of such courts, that act is not applicable to cases such as the one at bar, because Joint Resolution No. 10 of April 11, 1933 (Session Laws, p. 640), effective from that date, provides that the municipalities of Puerto Rico and the Government of the Capital shall be entitled to the services of all judicial officers of the Government of this island without having to pay any fee therefor and shall also be exempt from the payment of fees for the filing of suits, for certificates, and for stenographic services, and from other fees regularly levied on all litigants under existing laws. Therefore, since each municipality is constituted by its municipal assembly and its council of administration, it is clear that the Municipal Assembly of Añasco is exempt from the payment of the fees of the clerk, and hence the certification of the transcript of the record in the instant case is not void by reason of the lack of such payment.

Regarding the second ground of appeal, the appellees say that the attorney who took the appeal on behalf of the municipal assembly had no authority to do so because, as shown, there was no previous resolution to that effect, and because it cannot be argued that he was authorized by his having represented the defendant in the suit, since the rule is that the authority of the attorney ceases when judgment

is rendered and that a new authorization is required to take an appeal.

If, as the appellees state, the attorney who took the appeal on behalf of the municipal assembly had been representing it in the suit, then the appeal taken is an incident of his employment, which includes the doing of all acts that may benefit his client. 6 C. J. 641, paragraph 146.

The motion to dismiss the appeal must be denied.